IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| SCOTT SANDERS,  Movant,  v.  UNITED STATES OF AMERICA,  Respondent. | **MEMORANDUM DECISION AND ORDER**  Case No. 1:16-cv-00012-DB  Crim. No. 1:14-cr-00016-DB  District Judge Dee Benson |
|---|---|

This case is before the Court on Scott Sanders' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, the court enters the following Memorandum Decision and Order.

## BACKGROUND

On March 26, 2014, Mr. Sanders was charged in a three-count indictment with two counts of felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1), and one count of possession of methamphetamine in violation of 21 U.S.C. § 844(a). (Case No. 1:14-CR-00016-DB, Dkt. No. 1.) Prior to this indictment, Mr. Sanders had been convicted of three crimes that would qualify as "violent felonies" under the then-applicable interpretation of the Armed Career Criminal Act ("ACCA"). Two of the three crimes were failure to stop at the command of an officer convictions, which qualified as violent felonies pursuant to the residual clause of the ACCA. *See United States v. Wise*, 597 F.3d 1141 (10th Cir. 2010) (holding that the Utah statute related to Failure to Stop at the Command of an officer was a crime of violence

pursuant to USSG 4B1.2(a)). The parties understood that, under the then-applicable law, Mr. Sanders was facing a mandatory minimum sentence of 15 years under the original indictment.

The parties engaged in plea negotiations and on November 18, 2014, in an attempt to avoid the mandatory minimum sentence under the original indictment, Mr. Sanders pled guilty to a one-count Felony Information charging Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(j). (Dkt. Nos. 25, 26.) The plea agreement was pursuant Fed. R. Evid. 11(c)(1)(C), and set a term of 120 months imprisonment, which was five months above the high end of the guideline range calculated for the plea. *Id.* The plea agreement included a waiver of the right to petition for relief pursuant to 28 U.S.C. § 2255, except if the case involved ineffective assistance of counsel. (Dkt. No. 25.) At the change of plea hearing, Mr. Sanders was placed under oath, and the court accepted Mr. Sanders' plea as being knowingly and voluntarily entered. (Dkt. No. 26.)

On January 9, 2015, following oral argument on November 5, 2014, the United States Supreme Court requested additional briefing in *Johnson v. United States*, 135 S. Ct. 2551 (2015), regarding the constitutionality of the residual clause of the ACCA and set the case for re-argument. Prior to that request, the Court had twice held that the residual clause is not vague. *See James v. United States*, 550 U.S. 192, 210, 127 S. Ct. 1586, 1598, 167 L. Ed. 2d 532 (2007) *overruled by Johnson v. United States*, 135 S. Ct. 2551 (2015) ("we are not persuaded by Justice Scalia's suggestion—which was not pressed by James or his *amici*—that the residual provision is unconstitutionally vague."); *Sykes v. United States*, 564 U.S. 1, 15, 131 S. Ct. 2267, 2277, 180 L. Ed. 2d 60 (2011) (plurality opinion) *overruled by Johnson v. United States*, 135 S. Ct. 2551 (2015) (stating that the residual clause "states an intelligible principle and provides guidance that allows a person to 'conform his or her conduct to the law'").

Mr. Sanders' sentencing hearing proceeded as scheduled on January 27, 2015. The court accepted the proposed plea agreement pursuant to Rule 11(c)(1)(C) and imposed a sentence of 120 months. (1:14-CR-00016-DB, Dkt. No. 30.)

Mr. Sanders also had a litany of state charges pending at the time of his federal sentencing. Those charges were all subsequently resolved in consideration of the federal sentence imposed. On March 3, 2015, Mr. Sanders pled guilty to two counts of 3rd Degree Retail Theft in Davis County. Mr. Sanders received a sentence of "an indeterminate term of not to exceed five years" for each of those crimes. *See* Dkt. No. 16, Exs. 6, 7, and 13. Both prison terms were suspended and were ordered to run concurrent with each other, and both cases noted that "Defendant can serve out his sentence in the federal system." *Id.*, Exs. 6, 7, 13, and 14. On February 24, 2015, Mr. Sanders pled to two other state charges—Theft by Receiving Stolen Property, a 2nd Degree Felony, and Failure to Stop or Respond at Command of Police, a 3rd Degree Felony. At the date of sentencing on those felony charges, three additional cases were dismissed, in consideration of Mr. Sanders' guilty pleas (131901960, 131902358, and 141900144.) *Id.*, Exs. 8 and 11. Mr. Sanders' federal defender appeared at the state sentencing and explained Mr. Sanders' 120-month federal sentence. At the sentencing, "[t]he State agreed to recommend a suspended prison sentence because of the defendant's sentence in federal court." *Id.* For the 2nd Degree Felony, Mr. Sanders was sentenced to "an indeterminate term of not less than one year nor more than fifteen years," and for the 3rd Degree Felony, Mr. Sanders was sentenced to "an indeterminate term of not to exceed five years." *Id.*, Exs. 8, 9, 11, and 12. Both prison sentences were suspended because of the federal prison sentence imposed. *Id.*

On June 26, 2015, the Supreme Court overruled prior precedent and found that the ACCA's residual clause was unconstitutionally vague. *Johnson*, 135 S. Ct. 2551 (2015). On January 27, 2016, exactly one year from the date of his sentencing, Mr. Sanders filed a motion for relief under 28 U.S.C. § 2255, arguing that he had received ineffective assistance of counsel because his attorney did not inform him or the court that the Supreme Court was considering the constitutionality of the residual clause of the ACCA in *Johnson v. United States*. (1:16-CV-12, Dkt. No. 1.)

## DISCUSSION

Section 2255 allows prisoners in federal custody to move for their sentences to be vacated, set aside, or corrected if their "sentence was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Here, Mr. Sanders moves to vacate, set aside, or correct his sentence on one ground—that his counsel was ineffective for failing to understand, or failing to inform him or the court of, the import of the possibility of the ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). To make out a claim for ineffective assistance of counsel, a petitioner must satisfy two prongs:  (1) petitioner "must show that counsel's representation fell below an objective standard of reasonableness;" and (2) petitioner must demonstrate that "any deficiencies in counsel's performance [were] prejudicial to [petitioner's] defense." *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984).

A court assessing an ineffective assistance of counsel claim "must be highly deferential" to counsel and make "every effort…to eliminate the distorting effects of hindsight, to reconstruct

the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. The court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Failure to recognize or argue a novel or unsettled point of law does not amount to a deficient performance by counsel at sentencing. *United States v. Thomas*, 2016 WL 4060192, at *7 (D. Kan. July 29, 2016). "To hold otherwise would require a level of creative thinking on the part of defense lawyers that, while perhaps something to which counsel should strive, goes beyond the standard contemplated by *Strickland*." *Id.*

Under the facts of this case, the court cannot find that Mr. Sanders' representation fell below an objective standard of reasonableness. At the time Mr. Sanders entered his plea, the Supreme Court had heard oral argument in *Johnson*, but had not provided any definitive guidance as to the constitutionality of the residual clause of the ACCA. At the time of Mr. Sanders' sentencing, the Supreme Court had ordered additional briefing in *Johnson*, but had still not reversed its previous cases holding that the residual clause was constitutional. Thus, Mr. Sanders' counsel did not disregard any direct guidance from the Supreme Court. As the United States Supreme Court has noted, "[i]t will often be the case that even the most informed counsel will fail to anticipate a [court's] willingness to reconsider a prior holding," but a failure to adapt strategy to anticipate court rulings is "far from being evidence of incompetence." *Smith v. Murray*, 477 U.S. 527, 536, 106 S. Ct. 2661, 2667 (1986).

However, even assuming that the writing was on the wall with respect to the constitutionality of the residual clause of the ACCA, the court is still not convinced that Mr. Sanders' counsel was constitutionally compelled to discuss the pending case with his client or

raise the case with the court under the circumstances of this case. Mr. Sanders pled guilty to one count of felon in possession of a firearm, and agreed to a sentence only five months above the top end of the guideline range. Mr. Sanders was initially charged with two counts of felon in possession of a firearm and ammunition, as well as a felony count for possession of methamphetamine. Although the court is not aware of the precise calculation of the guideline range under the original indictment, absent the mandatory minimum imposed under the residual clause of the ACCA, it stands to reason that it would have been higher than the information to which Mr. Sanders pled, given that the original indictment contained two additional felony charges. And, given the Supreme Court's recent ruling in *Beckles v. United States*, 137 S. Ct. 886 (2017), the guideline enhancements associated with Mr. Sanders' charges and criminal history are still applicable post-*Johnson*. As such, the court cannot find that Mr. Sanders counsel was constitutionally incompetent for failing to continue the sentencing or explore the possible implications of *Johnson* with his client or the court under these circumstances.

This determination is further supported by the numerous state charges for which Mr. Sanders will serve no time, based on his 120-month federal prison sentence. Mr. Sanders' counsel was apparently aware of these cases at the time of Mr. Sanders' sentencing, and was involved in achieving a global resolution of those state charges through the strategic use of Mr. Sanders' federal sentence. Given the circumstances surrounding Mr. Sanders' plea and sentencing, the court does not find that his representation fell below an objective standard of reasonableness.

Furthermore, under the second prong of *Strickland*, the court is not convinced that any alleged deficient performance resulted in prejudice to Mr. Sanders. Mr. Sanders argues that his

counsel should have continued the sentencing date, in anticipation of the *Johnson* decision. However, Mr. Sanders had no assurance that his state court proceedings would be stayed as well. Absent a final federal court sentence prior to his state court sentencings, Mr. Sanders would not likely have received the benefit of suspended sentences in all of his state court proceedings. Mr. Sanders was just as likely to have been worse off as a result of a continuance of his federal sentence as he was to be benefitted by it. Furthermore, even absent an understanding that a 15-year mandatory minimum sentence would be imposed under the original indictment, Mr. Sanders would likely have faced a significantly higher guideline range under the original indictment than the guideline range of the information to which he pled. Mr. Sanders has not demonstrated that a sentence five months above the guideline range was prejudicial, even in light of the subsequent holding in *Johnson*. As such, Mr. Sanders' counsel's failure to delay sentencing in anticipation of the *Johnson* holding or raise *Johnson* with the court or Mr. Sanders cannot be said to have been prejudicial to Mr. Sanders' defense.

## Conclusion

For the foregoing reasons, Mr. Sanders' Motion to Vacate is hereby DENIED.

DATED this 28th day of April, 2017.

BY THE COURT:

_____
Dee Benson
United States District Judge